IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ATLANTIC OCEANIC LLC | § § § | PLAINTIFF |
| v. | § § § § | Civil No. 1:25-cv-77-HSO-RPM |
| HF OFFSHORE SERVICES MEXICO SAPI DE CV, et al. | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT HF HUNTER SHIPPING PTE. LTD.'S MOTION [9] TO VACATE AND DISMISSING THIS CASE WITHOUT PREJUDICE FOR LACK OF PERSONAL JURISDICTION**

Defendant HF Hunting Shipping Pte. Ltd.'s Motion [9] to Vacate seeks vacatur of the Process [6] of Attachment of Garnishment issued on March 20, 2025, and dismissal of Plaintiff Atlantic Oceanic LLC's Complaint [1] for lack of personal jurisdiction. Plaintiff concedes in its Response [22] that the Court lacks personal jurisdiction. The Court finds that the Complaint [1] should be dismissed for lack of personal jurisdiction, without reaching the merits of the other arguments presented in Defendant's Motion [9].

I. BACKGROUND

Plaintiff Atlantic Oceanic LLC ("Plaintiff") alleges that it chartered one of its vessels to Defendant HF Offshore Services Mexico Sapi De CV ("HF Mexico"), Compl. [1] at 4-6, and that HF Mexico did not render payment to Plaintiff and terminated the Charter Agreement, *id.* at 6. Pursuant to that Agreement, Plaintiff submitted multiple claims related to HF Mexico's alleged wrongful termination and

breach of contract to the London Arbitration, which issued partial awards against HF Mexico in Plaintiff's favor in the amount of $12,335,327.52. *Id.* at 6-9, 17.

On March 20, 2025, Plaintiff filed its Complaint [1] and Motion [2] for Writ of Garnishment and Attachment, seeking a Rule B attachment of the vessel *M/V HF Hunter* ("the Vessel"), which is owned by Defendant HF Hunter Shipping Pte. Ltd. ("HF Hunter"). *Id.* at 9-11, 17. The Complaint [1] alleged that HF Mexico created HF Hunter, and other "shell corporations[,]" for the express purpose of shielding assets from the London Arbitration awards, and that HF Mexico transferred ownership of the Vessel to HF Hunter only after receiving notice of the London Arbitration. *Id.* In support of its application for Rule B attachment, Plaintiff asserted that the three named Defendants, Defendant HF Mexico, Defendant HF Hunter, and Defendant HF Offshore Towing SAPI de CV, are not present within the Southern District of Mississippi, but that the Vessel "is or will soon be within the port of Pascagoula, Mississippi[,]" which is within this District. *Id.* at 17.

The Magistrate Judge granted Plaintiff's Motion [2] for Writ of Garnishment and Attachment, issuing a Process [6] of Attachment and Garnishment. *See* Order [5]; Process [6]. The Vessel was set to dock in Pascagoula pursuant to a towing contract. Mem. [12] at 3. However, upon learning of the instant action, HF Hunter turned the vessel around, such that it never entered the Southern District of Mississippi. *Id.*

Defendant HF Hunter then filed the instant Motion [9] to Vacate Maritime Attachment, arguing that the Court lacks personal jurisdiction because the Vessel

2

never entered the District, that this suit is duplicative of another lawsuit pending in the United States District Court for the Southern District of Texas, that Plaintiff has not made a *prima facie* showing that HF Hunter is an alter ego of HF Mexico, and that the London Arbitration awards are unenforceable in the United States. *Id.* at 7-21. In response, Plaintiff concedes that the Court lacks personal jurisdiction, but asks that the Court dismiss this case without prejudice, without resolving the merits of HF Hunter's other arguments. Resp. [22] at 1-5. In its Reply [23], HF Hunter argues that the Court should construe Plaintiff's non-opposition as a second dismissal under Federal Rule of Civil Procedure 41 because Plaintiff voluntarily dismissed similar claims in a case in the United States District Court for the Eastern District of Texas. Reply [23] at 4-8. It further contends that the Court should rule on the merits and dismiss this case with prejudice as a sanction. *Id.* 4-12.

## II. DISCUSSION

A.  Analysis

Supplemental Admiralty Rule B provides, in pertinent part:

**(a)** If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.

**(b)** The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and

3

>authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

Fed. R. Civ. P. Adm. Supp. R. B(1)(a). Under the Supplemental Admiralty Rules, a defendant or "any other person claiming an interest" may seek a release from any attachment. Fed. R. Civ. P. Adm. Supp. R. E(4)(f). "And once a defendant moves to vacate an attachment, a district court must grant the motion if the plaintiff-garnishor fails to show that it has satisfied the requirements of Rules B and E." *Ultra Deep Picasso Pte. Ltd. v. Dynamic Indus. Saudi Arabia Ltd.*, 119 F.4th 437, 441 (5th Cir. 2024).

Where a defendant cannot be found within a district in a maritime attachment case, personal jurisdiction depends upon the location of the asset to be attached, or in other words, "that the asset be present within the geographical jurisdiction of the Court." *Id.* at 443. "[E]vidence that the *res* is present within the geographical jurisdiction of the court is *the* jurisdictional fact which gives the court *in personam* jurisdiction over the defendant purported to own the *res*." *Id.* at 444 (emphasis in original) (quotations omitted).

Here, the Vessel never entered the District, a fact Plaintiff concedes, and thus, the Court does not have personal jurisdiction over any Defendant. *See id.* at 443-44. For this reason, the Court will vacate the Process [6] of Attachment and Garnishment and dismiss the Complaint [1] without prejudice for lack of personal jurisdiction. The Court does not express any view on the merits of HF Hunter's other arguments, and this Order shall not operate as an adjudication on the merits

of this dispute.[1]  *See Spivey v. Chitimacha Tribe of Louisiana*, 79 F.4th 444, 448 (5th Cir. 2023) ("[W]hen a district court lacks jurisdiction, it is emphatically powerless to reach the merits.").

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant HF Hunter Shipping Pte. Ltd.'s Motion [9] to Vacate is **GRANTED**, and the Process [6] of Attachment and Garnishment is **VACATED** solely on grounds that the Court lacks personal jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.  The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 22nd day of April, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendant HF Hunter argues that the Court should construe Plaintiff's non-opposition as a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41.  Reply [23] at 4.  HF Hunter cites two cases to support this proposition.  *Id.* (citing *Rahimian v. Wells Fargo Bank N.A.*, No. CV 24-03787-KS, 2025 WL 487599, at *1 (C.D. Cal. Feb. 13, 2025); *Ford v. PS Funding, Inc.*, No. 4:21-CV-00502-O-BP, 2021 WL 4048553, at *1 (N.D. Tex. June 14, 2021), *report and recommendation adopted*, No. 4:21-CV-00502-O-BP, 2021 WL 4319667 (N.D. Tex. Sept. 23, 2021)).  But these non-binding cases are easily distinguishable.  *Ford* involved a plaintiff's motion to dismiss, not a defendant's motion.  *Ford*, 2021 WL 4048553, at *1.  The Court in that case exercised its discretion to treat the plaintiff's motion as a stipulation of dismissal because the plaintiff's motion and the defendant's non-opposition to it were found to "unequivocally evidence the parties' intent to terminate the instant case with prejudice under Federal Rule of Civil Procedure 41(a)(1)(a)(ii)."  *Id.*  Such is clearly not the case here.  As for *Rahimian*, that case dealt with a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute because the plaintiff had failed to file an amended complaint by a court-ordered deadline.  *Rahimian*, 2025 WL 487599, at *1.